# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JODI A. HARTLEY,

       Plaintiff,

v.                                                                              No. 98cv0476 JP/JHG

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

      This matter is before the Court on Plaintiff's (Hartley's) Motion to Reverse or Remand the Administrative Decision, filed April 16, 1999. The Commissioner of Social Security issued a final decision denying Hartley's application for supplemental security income. The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion is well-taken and recommends that it be GRANTED.

      Hartley, now twenty-eight years old, filed her application for supplemental security income on December 20, 1994, alleging a disability which commenced January 3, 1993, due to manic depression. She has a GED and attended college. Her past relevant work was as a florist and a nurse's aide. The Commissioner denied Hartley's application for supplemental security income both initially and on reconsideration.

      After conducting an administrative hearing, the Commissioner's Administrative Law Judge

(ALJ) found Hartley had the residual functional capacity to perform medium to sedentary work which requires low stress, simple one to two step instructions, no public contact, and minimal contact with co-workers and supervisors. Relying on the testimony of a vocational expert, the ALJ found she was able to perform the jobs of small parts assembler, advertising material distributor, and photo finisher. Thus, the ALJ concluded Hartley was not disabled within the meaning of the Social Security Act. The Appeals Council denied Hartley's request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Hartley seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, and her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. *Id.*

In support of her motion to reverse or remand the administrative decision, Hartley argues the ALJ's step three analysis is not supported by substantial evidence and is contrary to law, the ALJ's evaluation of her mental impairment is not supported by substantial evidence and is contrary to law, the ALJ's credibility determination is not supported by substantial evidence and is contrary to law, and the ALJ's hypothetical question to the vocational expert did not include all of her impairments.

Hartley contends the ALJ erred by not finding her disabled at step three under Listing 12.04. A claimant is presumed disabled under the listings if he meets the criteria for a listed impairment. 20 C.F.R. 404.1520(d).

Listing 12.04, Affective Disorders, provides in pertinent part as follows:

12.04 Affective Disorders: Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation.
The required level of severity for these disorders is met when the requirements in both A and B are satisfied.

A. Medically documented persistence, either continuous or intermittent, of one of the following:
    1. Depressive syndrome characterized by at least four of the following:

3

        a. Anhedonia or pervasive loss of interest in almost all activities;  or
        b. Appetite disturbance with change in weight;  or
        c. Sleep disturbance;  or
        d. Psychomotor agitation or retardation;  or
        e. Decreased energy;  or
        f. Feelings of guilt or worthlessness;  or
        g. Difficulty concentrating or thinking;  or
        h. Thoughts of suicide;  or
        i. Hallucinations, delusions or paranoid thinking;  or

    2. Manic syndrome [criteria omitted]; or
3. Bipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes (and currently characterized by either or both syndromes);

AND

    B. Resulting in at least two of the following:
        1. Marked restriction of activities of daily living;  or
        2. Marked difficulties in maintaining social functioning;  or
        3. Deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere);  or
        4. Repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behaviors).

In order to establish his condition meets or equals the listings, a claimant must establish his condition meets all the specified medical criteria. *Sullivan v. Zebley*, 493 U.S. 521, 530,    S.Ct.    L.Ed.2d    (1990). In this case, The ALJ found Hartley satisfied the "A" criteria of 12.04 due to her bipolar disorder dysthymia. Tr. 27 This finding is supported by substantial evidence

With respect to the "B" criteria, the ALJ found only slight  restriction of activities of daily living, slight difficulty in maintaining social functioning, and she seldom had deficiencies in concentration, persistence or pace. Therefore, the ALJ concluded Hartley's mental condition did not meet Listings 12.04, because she did not satisfy both the "A" and "B" criteria. *Sullivan v. Zebley*, 493 U.S. at 530. The ALJ did not discuss his findings with respect to the listings. He merely checked

4

the boxes on the Psychiatric Review Technique Form.

When there is evidence of a mental impairment which allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments as set out in 20 C.F.R. § 404.1520a. *Cruse v. U.S. Dept. of Human Services*, 49 F.3d 614, 617 (10th Cir. 1995). At the administrative hearing level, the ALJ may complete the PRT form with or without the assistance of a medical advisor. 20 C.F.R. § 404.1520a(d)(1). However, the standard form must be appended to the decision. 20 C.F.R. § 404.1520a(d)(2).

In this case, while the ALJ appended a PRT form to the decision, it was not completed in accordance with the evidence of record which was before the Appeals Council. Moreover, the ALJ failed to discuss in his opinion the evidence he considered in reaching the conclusions expressed on the form as required by *Cruse*. Under 42 U.S.C. § 405 (b)(1), the ALJ was required to discuss the evidence and explain why he found Hartley was not disabled at step three. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). On remand, the ALJ should complete the PRT form to reflect all the evidence of record and discuss in his opinion the evidence he considered in reaching the conclusions expressed on the form.

The undersigned is mindful that some of the evidence regarding Hartley's mental impairment was not before the ALJ. After the ALJ issued his decision, additional evidence was included in the record and considered by the Appeals Council. Tr. 6; 131-290. The evidence before the Appeals Council is part of the administrative record to be considered when evaluating the Commissioner's decision for substantial evidence. *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). The additional evidence contains additional mental assessments in which the mental health practitioners determined Hartley's mental condition would impact her ability to work. TR. 141, 145, 156 194, 256

5

This case should be remanded in order to allow the ALJ the opportunity to consider all the evidence of record which was before the Appeals Council when it denied Hartley's request for review on February 23, 1998. AR 4.

Hartley contends the ALJ's evaluation of her mental impairment is not supported by substantial evidence and is contrary to law. The undersigned agrees. The ALJ focused on evidence favorable to the Commissioner and minimized evidence favorable to Hartley. On remand, the ALJ should re-evaluate all the evidence of record, including the additional evidence which was before the Appeals Council.

Hartley argues the ALJ erred in relying on her ability to take college courses, sell Avon and care for her children in support of his finding mental impairment resulted on no more than a slight restriction on her ability to function. The ALJ may consider anecdotal evidence, along with the medical evidence, to determine whether a claimant is disabled. *Talbot v. Heckler*, 814 F.2d 1456, 1462 (10th Cir. 1987). In this case, the ALJ considered Hartley's enrollment in the training program. AR 13. It is not clear from the decision whether the ALJ relied on this factor to deny benefits. On remand, the ALJ may consider Hartley's daily activities, along with the rest of the evidence. However, he may not rely on Hartley's daily activities to deny benefits.

Hartley argues the ALJ's assessment of her credibility is not supported by substantial evidence and is contrary to law. The ALJ found Hartley was not fully credible. While it is true that this Court generally defers to credibility determinations of the ALJ, such deference is not absolute. *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993). In discounting Hartley's credibility, the ALJ indicated that he relied on her ability to care for her children, read novels, attend college and sell Avon. These activities are not necessarily inconsistent with the inability to perform in the workplace

6

on a sustained basis. The ALJ's credibility determination is not supported by substantial evidence. A remand is required due to this omission. *Kepler v. Chater*, 68 F.3d 387, 391-92 (10th Cir. 1995). On remand, the ALJ should re-evaluate Hartley's credibility.

Hartley argues the ALJ's hypothetical question to the vocational expert did not include all of her impairments. The ALJ relied on the testimony of a vocational expert at step five in order to conclude that Hartley was able to perform the jobs of small parts assembler, advertising material distributor, and photo finisher. However, the hypothetical questions posed by the ALJ to the vocational expert did not accurately describe Hartley's impairments.

The ALJ directed the vocational evaluator to assume that Hartley was able to work in low stress conditions, perform simple, routine, one and two step activities, have no contact with the public and minimal contact with co-workers and supervisors. However, Dr. Linnemann rated Hartley's ability follow work rules, interact with supervisors, deal with work stresses and maintain attention at "fair." Tr. 141. Dr. Kroner rated Hartley's ability to follow work rules, relate to co-workers, deal with public, use judgment, interact with supervisors, deal with work stresses, function independently, and maintain attention at "fair." Tr. 145. "Fair" as used on the form equates to "[a]bility to function in the area is seriously limited, but not precluded." Tr. 140. Thus, the ALJ's hypothetical does not comport with the evidence of record.

Vocational expert testimony based on information which does not precisely relate all of a claimant's impairments cannot constitute substantial evidence. *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995); *Hargis v. Sullivan*, 945 F.2d 1482, 1491 (10th Cir. 1991). The ALJ did not precisely relate all of Hartley's impairments in his hypothetical questions. For this reason, the Commissioner failed to meet his burden at step five and his decision is not supported by substantial

7

evidence. On remand, the ALJ should propound a hypothetical question to a vocational expert which precisely relates Hartley's impairment.

## RECOMMENDED DISPOSITION

The ALJ did not apply correct legal standards and his decision is not supported by substantial evidence. Hartley's Motion to Reverse and Remand Administrative Decision, filed April 16, 1999, should be granted. This case should be remanded to the Commissioner to allow the ALJ to reconsider his determination in step three in light of the evidence which was before the Appeals Council, complete the PRT form to reflect all the evidence of record and discuss in his opinion the evidence he considered in reaching the conclusions expressed on the form, to consider Hartley's daily activities along with the rest of the evidence but may not rely on them to deny benefits, to re-evaluate Hartley's credibility, and propound a hypothetical question to a vocational expert which precisely relates Hartley's impairment.

_____
**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**
Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.